**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTINA ELLIS; JONATHAN ELLIS, Relators; ex rel. United States of America, | No. 18-17248 |
| Plaintiffs-Appellees, | D.C. No. 2:16-cv-01447-APG-NJK |
| and | |
| UNITED STATES OF AMERICA, | MEMORANDUM* |
| Plaintiff, | |
| v. | |
| JING SHU ZHENG, | |
| Defendant-Appellant, | |
| and | |
| SJ 5308 INVESTMENT GROUP, | |
| Defendant. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted March 25, 2020[**]
Las Vegas, Nevada

Before: W. FLETCHER, BYBEE, and WATFORD, Circuit Judges.

Jing Shu Zheng appeals from the district court's order granting summary judgment in favor of Christina and Jonathan Ellis on their claim under the False Claims Act (FCA). We affirm.

**1.** The district court correctly found no triable issue of material fact as to Zheng's liability under the FCA. It is true, as Zheng argues, that the Housing Agreement Plan (HAP) does not bear her signature. But that fact is irrelevant because the evidence clearly shows that Jay Hsu signed the document as her agent. Hsu worked for the company that Zheng concedes acted as her authorized agent (SJ 5318), and Zheng admitted in her counterclaim disclosures that Hsu was her agent.

No reasonable factfinder could conclude, on the basis of the summary judgment record, that Hsu enrolled Zheng in the Section 8 voucher program without her knowledge or authorization. Zheng herself signed the Request for Tenancy Approval, which represented that she had agreed to charge the Ellises only $2,000 per month in rent, and she herself received the notices of adjustment

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of payment from the Southern Nevada Regional Housing Authority (SNRHA), which also stated that the contractually agreed upon rent was $2,000 per month. Yet the undisputed evidence shows that Zheng charged the Ellises $2,300 per month, and that she received two separate payments from them each month: one for the difference between $2,000 and the amount Zheng received in housing assistance payments from SNRHA; and another for the extra $300 per month Zheng was charging the Ellises. Zheng has offered no plausible explanation for why she received payments in this fashion if she had not agreed to participate in the Section 8 voucher program, or any explanation at all for why she would have believed herself entitled to receive payments from SNRHA in the first place. The evidence thus clearly shows that Zheng knowingly committed fraud on the government by collecting more in rent than she was authorized to charge.

    **2.** The district court did not clearly err in calculating the amount Zheng must pay in damages and penalties. First, the court correctly held, in calculating the penalties owed under the FCA, that each check Zheng received from SNRHA was its own "claim against the government fisc" and thus its own separate FCA violation. *United States ex rel. Hendow v. Univ. of Phx.*, 461 F.3d 1166, 1177 (9th Cir. 2006). The district court appropriately imposed the lowest penalty per violation authorized by the regulations—$5,500—for a total of $121,000 in penalties based on the 22 violations Zheng committed. *See* 31 U.S.C.

§ 3729(a)(1); 28 C.F.R. § 85.3(a)(9).

Second, the court properly calculated the amount owed in damages. Because the FCA is concerned with fraud on the *government*, damages are determined not by how much Zheng overcharged the Ellises, but rather by how much Zheng overcharged the government—that is, the amounts she received from the government without lawful entitlement. The HAP stated that Zheng would not be entitled to any funds from the government if, as occurred here, she failed to comply with the terms of the agreement. Accordingly, the damages owed are the entire amount Zheng received from the government. *See United States v. Mackby*, 339 F.3d 1013, 1018–19 (9th Cir. 2003).

**3.** The penalties imposed by the district court are substantial, but they do not violate the Excessive Fines Clause of the Eighth Amendment. The FCA deliberately prescribes harsh penalties, reflecting Congress's judgment that committing fraud on the government is a serious offense. *See* 31 U.S.C. § 3729(a)(1); *United States v. Bourseau*, 531 F.3d 1159, 1173–74 (9th Cir. 2008). The district court could have imposed double the penalty per violation. *See Mackby*, 339 F.3d at 1018 ("We may properly consider the maximum penalty prescribed by Congress as part of our Excessive Fines Clause inquiry."). Indeed, we have never found an FCA penalty within the range permitted by Congress to violate the Excessive Fines Clause. *See Bourseau*, 531 F.3d at 1173. Taking into

account the severity of the crime, as adjudged by Congress, the harm to the government, and the difference between the fine imposed and the penalties authorized, the fine imposed on Zheng does not violate the Eighth Amendment.

**AFFIRMED.**